Sinnott, J.
These cross appeals resulted from a jury trial on a landlord-tenant dispute. The jury found for the plaintiff tenant, Christopher A. Skarupski (“Skarupski”), and against the defendant landlord, Richard Webman (“Webman”), for breach of the *173 rental agreement and awarded Skarupski damages in the amount of $7,032.70. The jury also found for Webman on his counterclaim against Skarupski for breach of the rental agreement and awarded Webman damages in the amount of $1,736.14.
The primary issue on appeal is whether the jury’s verdict was inconsistent, thus warranting a new trial. The asserted inconsistency comes from both parties having prevailed on their respective claims and receiving an award of damages, which would mean that both Webman and Skarupski were simultaneously in breach of the rental agreement between them.
The factual background that gave rise to this dispute is as follows. Webman, who owned a single family home in Needham, agreed to rent the home to Skarupski pursuant to a written lease on June 3, 2004. The monthly rental fee was $3,100. Skarupski and his wife had concerns about lead paint on the premises, and they had discussions with Webman about that issue prior to entering into the lease. Webman assured them that the property had been deleaded and that it was in compliance with the applicable laws and regulations covering lead paint.
The parties addressed the concerns about lead paint in the lease. Webman agreed to have the property inspected within 45 days from the date of execution of the lease. If the inspector found “unhealthy levels of lead,” Skarupski had the right to terminate the lease immediately upon written notice to Webman. Skarupski would have no further legal recourse against Webman, and Webman would be obligated to reimburse Skarupski for the first $900.00 of his moving expenses.
Thomas Dowd of North Shore Lead Paint Testing Service inspected the property on July 9,2004. In his written report, Dowd identified some lead paint issues at the property that needed to be addressed. Based on the inspection results, Skarupski notified Webman that he was moving out. He did so on July 23,2004.
Skarupski then brought this action against Webman for breach of the rental agreement (Count I), violation of the requirements concerning the security deposit (Count II) and the last month’s rent, which was paid in advance (Count III), and violation of G.Lc. 93A (Count IV). Webman answered and also filed a counterclaim against Skarupski for breach of the lease by failing to pay rent (Count I) and fraud and deceit (Count II). Skarupski’s motion for summary judgment was denied.
After a trial on the merits, the jury found for Skarupski on his breach of contract claim and awarded damages of $7,032.70. The jury also found for Webman on his counterclaim against Skarupski for breach of the lease and awarded damages of $1,736.14. The trial judge reserved Skarupski’s G.L.c. 93A claim for herself and found for Webman on that claim. Both parties filed motions for judgment notwithstanding the verdict, or for new trial, which were denied. These cross appeals followed.
The issue on appeal is whether the jury’s finding and award of damages to both parties warrants a new trial. Resolution of that issue requires a determination of whether the jury could have simultaneously found that Skarupski was legally entitled to terminate the lease because of “unhealthy levels of lead” and that Webman was entitled to damages under the lease for Skarupski’s conduct during the period that the lease was in effect. Even though the lease did not specify any minimum amount of lead as an “unhealthy” level, the jury was certainly entitled to infer that there were unhealthy levels of lead at the premises based on Dowd’s written inspection and report. That situation would have justified Skarupski’s termination of the lease and the jury finding in his favor on that issue.
*174 The damages award to Webman was not for unpaid rent The monthly rental fee for the premises was $3,100, and Webman sought $4,500 in damages for the unpaid rent It appears that the jury awarded Webman damages for the loss of a pool table that was at his house ($1,500), a bill for oil ($136.14) and either an electric bill for the month of August or a lawn mowing, each of which cost $100. The combination of these items adds to $1,736.14, which was the amount that the jury awarded to Webman.
Thus, there was no inconsistency in the jury’s verdict that warrants a new trial because there was evidence that both parties breached the lease. The jury could have concluded that Skarupski was entitled to terminate the lease because of the presence of lead and, at the same time, that Webman was entitled to recover for some of his damages claims other than rent. Skarupski’s termination of the lease because of the presence of lead relieved him of his obligation to pay rent under the lease, but it did not relieve him of his obligations for damaged or lost property and outstanding oil and electric bills.
In her ruling on Skarupski’s post-trial motion for judgment notwithstanding the verdict and Webman’s motion to have the verdict set aside or for new trial, the trial judge stated the following:
The evidence in this case was such that the jury could have inferred that either, or both parties were in breach of their agreement They [the jury] would have been warranted in finding for either party. Instead, it is obvious from the verdict that after consideration of the evidence presented, the jury determined from the reasonable inferences available to it that both sides were at fault in some way. My review of the proceedings reveals no justification under the applicable rules for discrediting the decision of the jury.
Based upon our review of the record and the evidence presented at trial, we think that the judge reached the correct conclusion on the jury verdict. See Cahaly v. Benistar Prop. Exch. Trust Co., 451 Mass. 343, 350 (2008) (“Because the jury are a pillar of our justice system, nullifying a jury verdict is a matter for the utmost judicial circumspection.”).
We also agree with the trial judge’s ruling in Webman’s favor on Skarupski’s claim under G.Lc. 93A, §9. A breach of a legal obligation under a lease does not rise to the level of a G.L.c. 93A violation where the breach lacks “an extortionate quality that gives it the rancid flavor of unfairness.” See Atkinson v. Rosenthal, 33 Mass. App. Ct. 219, 226 (1992). Skarupski did not present evidence at trial of such conduct on Webman’s part.
Finally, both parties have argued that they are entitled to appellate attorney’s fees and expenses. Exercising our discretion, and based on the fact that both parties were at fault and recovered damages in this matter, the parties shall bear their own costs on this appeal.
The judgment is affirmed, and the appeals of Webman and Skarupski are dismissed. The parties’ requests for appellate attorney’s fees are denied.